# IN THE COURT OF APPEALS OF IOWA

No. 25-0186
Filed September 17, 2025

IN RE THE MARRIAGE OF JENA RAE MOLONE
AND LYNDON DOUGLAS MOLONE

Upon the Petition of
JENA RAE MOLONE,
     Petitioner-Appellee,

And Concerning
LYNDON DOUGLAS MOLONE,
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Hardin County, Christopher C. Polking, Judge.

A former spouse appeals from the denial of his petition to vacate the decree dissolving his marriage. **AFFIRMED.**

Randall L. Jackson of Ellis Law Offices, P.C., Indianola, for appellant.

Emily R. Lavery of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

Lyndon Molone appeals from the denial of his petition to vacate the decree dissolving his marriage to Jena Molone, now known as Jena Auttonberry. The parties gave differing accounts of Lyndon signing their stipulated divorce decree. The district court found "[n]either party seems more credible than the other" but observed that evidence in equipoise favored Jena, as Lyndon had the burden of proof on his claims. *See* Iowa Rs. Civ. P. 1.1012, 1.1013.

The court found Lyndon's signature on the acceptance of service constituted notice as to the stipulation's contents, the filing of which caused Lyndon to voluntarily appear and submit to the court's jurisdiction. And the court noted Lyndon subsequently appeared by counsel through a general—not special— appearance to answer a contempt and admitted in a pleading he had been served.

On Lyndon's claims of irregularity or fraud, the court found the stipulation's filing style was "common practice" in the district, a typographical error was immaterial, and Lyndon signing the stipulation cured any irregularity in the original notice. The court observed that Lyndon did not raise any issue during the ninety-day waiting period. And, the court found, even accepting Lyndon's claims as true, "his complaints would have been resolved by his reading the stipulation" and he was "charged with knowledge of its terms" because he signed it.

We, like the court below, find Lyndon did not carry his burden to vacate the decree. Because the district court considered all the issues presented, we agree with its ruling, and further opinion by us would not augment or clarify existing law, we affirm by memorandum opinion. *See* Iowa Ct. Rs. 21.26(1)(d) and (e).

**AFFIRMED.**